IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD ROBERTS, LLC, d/b/a ERlifescience,<br><br>                                 Plaintiffs,<br><br>             v.<br><br>INDIANA ECONOMIC DEVELOPMENT CORP.,<br><br>                                 Defendant. | Case No. 1:22-cv-00985-PKC-RLM |

**OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION IN PART**

Defendant, Indiana Economic Development Corp. ("IEDC"), by counsel, pursuant to Local Civil Rule 6.3, submits its Response to the Motion for Reconsideration ("Motion") in Part filed by the Plaintiff, Edward Roberts LLC, d/b/a ERlifescience ("ER").

**INTRODUCTION**

Applying straightforward contract-interpretation principles, this Court correctly concluded that "Plaintiff does not acknowledge that the third clause, which allows IEDC to reject the Masks if they 'do not pass inspection,' contains no temporal limitations or references to 'the point [the] invoice is issued.'" (ECF.75.pp.15-16.) In the Motion, ER argues counterintuitively that it would allegedly be unreasonable for the parties' contract ("Contract") to provide IEDC with a reasonable time to inspect the Masks. (ECF.76-1.p.9.) But the default rule under the Uniform Commercial Code ("UCC") is that a buyer has a reasonable time to inspect goods. N.Y. Code UCC § 2-606 (providing a party has "a reasonable opportunity to inspect the goods" before acceptance). A contract applying the default rule and providing a reasonable time to inspect a good is not unreasonable.

ER does not offer any contract-interpretation argument to support that the time limitation in Clause 6 (refusal for "any reason" must occur "up to the point invoice is issued") applies to Clause 3 (Indiana will not pay "[i]f respirators do not pass inspection"). ER's contention that Clause 6's limiting phrase ("up to the point invoice is issued") applies to all clauses impermissibly seeks to rewrite the Contract. Moreover, it violates the last-antecedent rule because it asks that a restrictive clause apply to wholly distinct clauses of the Contract. ER's unsupported argument that IEDC has taken inconsistent positions is incorrect. Finally, ER disagreeing with the correct interpretation of the Contract does not render it ambiguous.

In the Motion, ER raises a host of new arguments that are waived. ER contends that *N.Y.C. Off Track-Betting Corp. v. Safe Factory Outlet, Inc.*, 809 N.Y.S.2d 70 (1st Dep't 2006), is distinguishable. (ECF.76-1.pp.10-11.) IEDC repeatedly cited that case in its opening brief, but ER ignored it. (ECF.70.pp.24-25.) ER cannot use the Motion to respond to that case for the first time. Likewise, ER cannot argue for the first time that the Masks are allegedly perishable. (ECF.76-1.p.11.) ER did not make this argument or designate any evidence to support it on summary judgment. Nothing supports that the Masks were perishable in the less than two months before IEDC notified ER of its rejection of the Masks.

As will be detailed, this Court should deny the Motion.

### I.  Legal standard for motions for reconsideration.

"The Second Circuit has described the standard for granting a motion for reconsideration as 'strict.'" *Dieujuste v. Sin*, 734 F. Supp. 3d 232, 233 (E.D.N.Y. 2024) (quoting *Shrader v. CSX Transp., Inc.,* 70 F.3d 355, 257 (2d Cir. 1995)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

(internal quotation omitted) (alteration in original). "Significantly, [a] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Id.* (internal quotation omitted) (alteration in original). A motion for reconsideration also "is not a time to advance new facts, issues or arguments not previously presented to the Court." *Id.* at 234 (internal quotation omitted).

II. Analysis

A. The Court correctly interpreted the Contract.

This Court correctly interpreted the Contract to conclude that the temporal limitation in Clause 6 did not apply to other clauses. ER's argument that the Contract providing IEDC a reasonable time to inspect the Masks is allegedly unreasonable is without merit. The rules of contract interpretation demonstrate that Clause 6's limitation does not apply to other clauses. ER's claim that IEDC took inconsistent positions is wrong and would not change this Court's correct interpretation of the Contract. The Contract is not ambiguous because ER interprets it differently.

"The proper interpretation of an unambiguous contract is a question of law for the court, and a dispute on such an issue may properly be resolved by summary judgment*." Adirondack Transit Lines, Inc. v. United Transp. Union, Loc. 1582*, 305 F.3d 82, 85 (2d Cir. 2002) (internal quotation omitted). "Contracts must be read as a whole, and if possible, courts must interpret them to effect the general purpose of the contract." *Postlewaite v. McGraw-Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005). "[I]t is a well-settled principle that a contract should not be interpreted to produce an absurd result, one that is commercially unreasonable, or one that is contrary to the intent of the parties." *Pro. Fighters League, LLC v. Takeover Indus., Inc.*, 770 F. Supp. 3d 718, 723–24 (S.D.N.Y. 2025) (internal quotation omitted). A "court must not rewrite, under the guise of

3

interpretation, a term of the contract when the term is clear and unambiguous." *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 572 F.3d 76, 81 (2d Cir. 2009) (internal quotation omitted).[1]

IEDC invoked Clauses 6 and 3 on summary judgment: "The Purchase Order included the following terms: 'Indiana has the right to refuse respirators *for any reason* up to the point invoice issued,' and '[i]f the respirators do not pass inspection.'" (ECF.70.p.23.) As the quoted language makes clear, Clause 6's temporal limitation does not apply to Clause 3. IEDC designated evidence that the Masks failed IEDC's inspection for numerous reasons and it rejected the Masks. (ECF.71.¶¶ 41-45,50.) IEDC then cited relevant law and designated evidence that it provided notice of rejection within a reasonable time. (ECF.70.pp.24-25.)

In response, ER did not argue that Clause 6's temporal limitation ("up to the point invoice issued") applied to Clause 3 (rejection after inspection). (ECF.72-1.p.33.) Instead, ER conclusory stated, without citation to anything, that "[b]ecause IEDC did not seasonably notify ER that IEDC was refusing the masks, IEDC accepted them." (*Id.*p.36.) The Court correctly concluded that "Plaintiff does not acknowledge that the third clause, which allows IEDC to reject the Masks if they 'do not pass inspection,' contains no temporal limitations or references to 'the point [the] invoice is issued.'" (ECF.75.pp.15-16.)

In the Motion, ER does not cite any rules of contract interpretation to support that Clause 6's temporal limitation applies to Clause 3. (ECF.76-1.pp.9-10.) Instead, ER argues—without citation to any authority—that "[i]f each clause is to be read in isolation, then IEDC could rely on

---

[1] Indiana law and New York law appear identical on these contract-interpretation principles, so no choice of law analysis is necessary. *Feldman L. Grp. P.C. v. Liberty Mut. Ins. Co.*, 819 F. Supp. 2d 247, 255 (S.D.N.Y. 2011), *aff'd*, 476 F. App'x 913 (2d Cir. 2012).

the condition the respirators were in when they first arrived to reject them in perpetuity (constrained only by the reasonableness standard under the common law)." (*Id.*p.9.) That is, ER claims—for the first time and without citation to authority—it would allegedly be unreasonable for the Contract to provide IEDC with a reasonable time to inspect the Masks.

But under the UCC, the default rule is that a party has a reasonable time to inspect goods before acceptance. N.Y. Code UCC § 2-606 (providing a party has "a reasonable opportunity to inspect the goods" before acceptance). "The UCC provides a default set of rules and standards that help the law recognize and enforce accepted business practices." *R.I. Spiece Sales Co. v. Bank One, NA*, No. 1:03-CV-175, 2005 WL 1653990, at *5 (N.D. Ind. July 7, 2005). Because the default rule is that the buyer has a reasonable time to inspect goods, such a term is presumptively reasonable.

It is reasonable that the clauses other than Clause 6 were only subject to a reasonableness requirement. Clauses 2 and 7 required the Masks to pass the "Indiana fit test." (ECF.71.¶26.) Clause 2 further provided that the Masks must "have all documentation that shows they are real." (*Id.*) Clause 3 provided that "[i]f the respirators do not pass inspection Indiana will not pay for the respirators." (*Id.*) Clause 4 provided that "Indiana has the right to refuse respirators if they show up in unusable conditions." (*Id.*) The Contract providing IEDC a reasonable amount of time to conduct this testing, inspection, and verification of 1,000,000 Masks is reasonable. Moreover, it makes sense that refusal for "any reason," under Clause 6, could occur more quickly than the inspection and verification provisions.

ER delivered the Masks to IEDC on October 9th and 14th, 2020. (ECF.71.¶39.) On October 14, 2020, IEDC emailed ER it was "beginning [its] due diligence." (*Id.*¶49.) The Masks failed IEDC's initial inspection for numerous reasons. (*Id.*¶¶41-44.) By October 14, 2020, the federal

government seized the Masks and refused to return them to ER. (*Id.*¶¶47-49,58-63.) On October 16, 2020, IEDC conducted "Indiana's fit test" that the Masks failed. (*Id.*¶ 50.) The federal government conducted an undercover investigation and instructed IEDC not to contact ER. (*Id.*¶¶51-55.) On November 18, 2020, IEDC obtained documentation from the "Chairmen of Harley" that it "had not conducted any business with ER Life Sciences or Edward Roberts." (*Id.*¶56.) On December 4, 2020, IEDC notified ER that IEDC was rejecting the Masks, stating the reasons the Masks failed inspection. (*Id.*¶57.) This was an entirely reasonable time period for testing, inspection, verification, and notice of rejection especially in light of the fact that the federal government had seized the Masks and has refused to return them to ER ever since.

Moreover, ER's argument that Clause 6's time limit applies to Clause 3 violates at least two rules of contract interpretation. First, a "court must not rewrite...a term of the contract." *Burke*, 572 F.3d at 81. ER is asking this Court to rewrite the Contract to include a term that would read as follows: "IEDC must refuse the Masks under Clauses 2-4 or 6-7 up to the point invoice is issued." That is an impermissible request that this Court completely rewrite the Contract.

Second, ER's argument violates the "grammatical 'rule of the last antecedent,' according to which a limiting clause or phrase…should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26 (2003). The "rule is quite sensible as a matter of grammar." *Id.* (internal quotation omitted). Under this rule, the "limiting clause or phrase" in Clause 6 ("up to the point invoice is issued") applies only to the "phrase that it immediately follows" ("refuse the respirators for any reason"). Applying the limiting phrase from Clause 6 to completely distinct clauses, including Clause 3, violates the last-antecedent rule.

In the Motion—without citation to any authority—ER incorrectly contends that IEDC took a contrary position previously in this litigation and that this Court allegedly decided the case in a

"way not pressed by IEDC." (ECF.76-1.pp.9-10.) At the outset, contract interpretation is an issue of law for the court. *Adirondack*, 305 F.3d at 85. Courts interpret contracts and are not required to follow the parties' arguments precisely in doing so. *See, e.g.*, *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112 (1989) ("As they do with contractual provisions, courts construe terms in trust agreements without deferring to either party's interpretation."); *Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 224 (2d Cir. 2011) ("Issues of contract interpretation are reviewed *de novo*."); *Celadon Trucking Services, Inc. v. Wilmoth*, 70 N.E.3d 833, 841 (Ind.Ct.App.2017) ("general rules of contract interpretation require us to consider the contract as whole[, so w]e are not limited in that interpretation to the precise arguments made by the parties"). ER claiming that this Court interpreted the Contract in a way not exactly advocated by the parties forms no basis for disturbing this Court's correct interpretation of the Contract.

Moreover, ER incorrectly claims IEDC took a contrary position. First, ER cites a paragraph in IEDC's summary judgment brief where IEDC addressed that it could reject the Masks for any reason under Clause 6. (ECF.70.p.24.) The quoted language does not address temporal limitations at all but addresses that under Clause 6 IEDC could reject the Masks for any reason. (*Id.*) IEDC's ability to reject the Masks for any reason under Clause 6 is not inconsistent with the temporal limitation in Clause 6 not applying to Clause 3.

Second, ER cites IEDC's Amended Answer and Counterclaims. In it, IEDC cited Clause 6 for the premise that it could refuse the Masks for any reason up to the point the invoice was issued. (ECF.31.¶¶ 91-92.) But ER ignores that IEDC next cited Clause 2 that the Masks had to have "all documentation that shows they are real." (*Id.*¶93.) Finally, IEDC contended that the Masks failed Indiana's fit test under Clause 7. (*Id.*¶¶ 95-96.) IEDC never alleged that the temporal limitation from Clause 6 applied to other provisions of the Contract. IEDC has not taken inconsistent

7

positions.

Finally, ER contends the Contract is allegedly ambiguous because ER interprets it differently. (ECF.76-1.p.10.) A contract "does not become ambiguous merely because the parties urge different interpretations in the litigation, unless each is a 'reasonable' interpretation." *Fersel v. Paramount Med. Servs., P.C.*, 588 F. Supp. 3d 304, 315 (E.D.N.Y. 2022). ER's interpretation is not reasonable and violates principles of contract interpretation. ER's incorrect, differing interpretation does not create an ambiguity.

This Court properly interpreted the Contract, and this Court should deny the Motion.

### B. ER's new arguments are waived and wrong.

In the Motion, ER raises a host of new arguments it never previously raised (distinguishing cases, raising an alleged expiration date, etc.). (ECF.76-1.pp.11-12.) ER cannot raise new arguments in a motion to reconsider, and the new arguments are wrong.

As to an alleged expiration date, in its Undisputed Material Facts, IEDC included photographs of mask boxes reflecting the expiration dates. (ECF.71.pp.2-3,9-10.) IEDC expressly stated one "had an expiration period of five years," and the delivered Masks stated they "expired three years after manufacture." (*Id.*) It was highly suspicious that boxes that were allegedly for the same kind of masks from the same manufacturer bore expiration dates that varied by years. In response, ER did not designate any evidence to support what expiration date was correct or what an expiration date for masks even means, especially in light of some boxes bearing a three-year expiration date and others bearing a five-year expiration date. (ECF.72-2.pp.30-31.)

In its Summary Judgment Brief, IEDC quoted *Safe Factory* for the following proposition: "'[W]hen only one inference may be drawn as to the reasonableness of the time in which defendant rejected the goods, it becomes a question of law.' *New York City Off-Track Betting Corp. v. Safe*

*Factory Outlet, Inc.*, 28 A.D.3d 175, 178-79 (2006) (holding rejection timely as a matter of law, in part, because goods 'were not perishable')." (ECF.70.p.24.) IEDC again cited *Safe Outlet* to support that its notice of rejection was timely as matter of law because "the federal government seized the Masks and ER has never obtained them back. It would not have made any difference at all if IEDC had notified Edward Roberts of the rejection on the day they arrived or six months later." (*Id.*p.25.)

In its Response Brief, ER did not cite *Safe Factory* or claim that an alleged three-year expiration date somehow made IEDC's less than two-month notice of rejection unreasonable. (ECF.72-1.p.34.) Instead, ER simply declared, without citation to anything (evidence or law), that "IEDC did not seasonably notify Edward Roberts that IEDC was refusing the masks." (*Id.*) Now, in the Motion, ER argues—for the first time—that *Safe Factory* is allegedly distinguishable or that an alleged expiration date somehow makes IEDC's notice untimely. (ECF.76-1.p.11.) ER waived these new arguments by raising them for the first time in the Motion. *Dieujuste*, 734 F. Supp. 3d at 233.

Moreover, these new arguments are wrong. In *Safe Factory*, the Court held that a more than two-year investigation into goods was not unreasonable because "the goods in question were not perishable or rendered obsolete by the passage of time." 28 A.D.3d at 179. That is, the investigation time was reasonable because the goods did not become obsolete during the investigation. Likewise, this Court correctly concluded that IEDC's notice of rejection was timely as a matter of law:

> [T]he federal government took control over the non-perishable Masks shortly after they were delivered and instructed IEDC not to contact Edward Roberts while the government's investigation was pending, and where IEDC notified Edward Roberts of its rejection of the Masks less than two months after they were delivered—the only reasonable inference that a jury could draw is that IEDC's rejection was timely.

9

(ECF.75.pp.17-18.)

In the Motion, ER claims that *Safe Factory* is allegedly distinguishable because "it is not even clear when IEDC is arguing it rejected the masks." (ECF.76-1.p.11.) ER did not previously make this argument, and it is waived. *Dieujuste*, 734 F. Supp. 3d at 233. Moreover, it is undisputed that on December 4, 2020, IEDC sent ER a notice of rejection. (ECF.72-2.p.23.) This Court concluded that "rejection of the Masks less than two months after they were delivered" was reasonable as a matter of law. (ECF.75.p.18.) Whether IEDC rejected the Masks earlier is irrelevant because this Court correctly concluded the December 2020 notice was timely as a matter of law.

ER next argues—for the first time—that the "undisputed evidence in the record [is] that the masks had expiration dates." (ECF.76-1.p.11.) ER never previously argued this, and this new argument is waived. *Dieujuste*, 734 F. Supp. 3d at 233.

Regardless, ER does not explain why an alleged three-year expiration made any difference when IEDC undisputedly sent notice rejecting the Masks less than two months after delivery. The only issue with an alleged expiration date is that DHS seized the Masks by October 14, 2020 and still has them to this day. (ECF.71.p.13.) This Court granted IEDC summary judgment on ER's conversion claim, (ECF.75.p.12), and ER does not challenge that ruling in the Motion. The alleged expiration date relates only to the now decided conversion claim, and DHS's decision to seize the Masks.

Nevertheless, ER contends—without citation to any authority—that an alleged three-year expiration means the Masks were perishable. (ECF.76-1.p.11.) This argument is raised for the first time in the Motion and is waived. *Dieujuste*, 734 F. Supp. 3d at 233. The definition of perishable is "likely to spoil or decay quickly; not likely to stay fresh for a long time if not eaten or used." Merriam-Webster Dictionary. An alleged three-year expiration date does not make the Masks

perishable during the less than two months IEDC took to notify ER of the rejection. This new argument is unsupported, waived, and does not support that IEDC's notice of rejection was unreasonable.

ER then incorrectly contends that "Clause 3 is not the contract provision that IEDC said it invoked." (ECF.76-1.p.12.) IEDC rejected the Masks because they did not pass inspection, and IEDC notified ER of the reasons why it rejected the Masks. (ECF.71.pp.7-10,12.) On summary judgment, IEDC expressly invoked Clause 3. (ECF.70.p.23.) This argument is simply wrong.

In conclusion, ER's new arguments are waived and wrong and do not support granting the Motion. This Court properly concluded that IEDC notified ER of the rejection of the Masks within a reasonable time as a matter of law.

## **CONCLUSION**

For the foregoing reasons, this Court should deny the Motion.

Respectfully submitted,

*/s/ Bradley M. Dick*
Bryan H. Babb, Atty. No. 21535-49
Bradley M. Dick, Atty. No. 29647-49
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
317-684-5000 (phone)
317-684-5173 (fax)
bbabb@boselaw.com
bdick@boselaw.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.1(c), the undersigned certifies that according to the word count of the word-processing program used to prepare the document, this memorandum contains no more than 3,500 words (not including the caption, signature block, or certificates).

*s/Bradley M. Dick*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 27, 2025 a copy of the foregoing was electronically filed and served on the following using this Court's e-filing system.

| | |
|---|---|
| Joseph R. Corozzo, Jr. | Marshall Mintz |
| Rubinstein & Corozzo LLP | Mintz & Oppenheim LLP |
| 260 Madison Avenue | 260 Madison Avenue |
| 22nd Floor | 18th Floor |
| New York, NY  10016 | New York, NY  10016 |
| jcorozzo@rubcorlaw.com | mmintz@minopp.com |

*s/Bradley M. Dick*

5090667.1